Niels W. Frenzen (CA 139064)
nfrenzen@law.usc.edu
Jean E. Reisz (CA 242957)
jreisz@law.usc.edu
Avery Van Den Berg (CA 364571)
avandenberg@law.usc.edu
USC Gould School of Law, Immigration Clinic
699 Exposition Blvd.
Los Angeles, CA 90089-0071
213-740-8933; 213-821-3108
Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Norma Suyapa GARCIA RODRIGUEZ,<br>Petitioner,<br>v.<br><br>Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, U.S. Attorney General; David J. Venturella, Senior Official Performing the Duties of the Director, Immigration and Customs Enforcement; Jaime RIOS, Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Fereti SEMAIA, Warden, Adelanto ICE Processing Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; VERIFIED PETITION**<br><br>PETITIONER'S DHS NO:<br><br>246-786-570. |

## INTRODUCTION

1. Petitioner Norma Suyapa GARCIA RODRIGUEZ is in the physical custody of Immigration and Customs Enforcement ("ICE") and is detained at the Adelanto Detention Facility in Adelanto, California.

2. Petitioner is unlawfully detained. Petitioner was initially arrested by immigration officials three years ago in May 2023 and was released thereafter and at liberty for two years and nine months pursuant to an Order of Release on Recognizance at the time of her re-arrest on February 26, 2026.

3. During the almost three-year period of liberty prior to her re-arrest, Petitioner did not violate any criminal laws and was complying with the conditions of release.

4. Petitioner was not provided a pre-detention hearing to determine whether there had been a material change in circumstances that increased her risk of flight or danger to the community to justify re-arrest and re-detention without bond.

5. ICE's re-arrest and re-detention of Petitioner violates Petitioner's rights under the Fifth Amendment's Due Process Clause and the Fourth Amendment's protection against unreasonable seizure.

## JURISDICTION

6. Jurisdiction is proper and relief is available pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 5 U.S.C. § 702 (waiver of sovereign immunity), 28 U.S.C. § 2241 (habeas corpus jurisdiction), and Article

I, Section 9, clause 2 of the United States Constitution (the Suspension Clause).

7. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner is currently detained.

9. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

## REQUIREMENTS OF 28 U.S.C. § 2243 AND GENERAL ORDER NO. 26-05

10. The Court must grant a petition for writ of habeas corpus or order Respondents to show cause “forthwith,” unless a petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return “within three days unless for good cause additional time, not exceeding twenty days, is allowed.” *Id.*

11. Habeas corpus is “perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases

of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

12. This Petition is further governed by the case assignment and scheduling procedure set forth in General Oder No. 26-05, In the Matter of Immigration Habeas Petitions Under 28 U.S.C. § 2241, April 1. 2026.

## PARTIES

***Petitioner***

13. Petitioner Norma Suyapa GARCIA RODRIGUEZ is a citizen of Honduras who was arrested by immigration officers over three years ago and released pursuant to an Order of Release on Recognizance on May 20, 2023. She was at liberty for two years and nine months until her re-arrest on February 26, 2026.

***Respondents***

14. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act ("INA") and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custodial authority over Petitioner. He is sued in his official capacity.

15. Respondent Todd Blanche is the Attorney General of the United

States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review, and the BIA and immigration court system it operates, is a component agency. He is sued in his official capacity.

16. David J. Venturella is the Senior Official Performing Duties of the Director of U.S. Immigration Customs Enforcement, a federal law enforcement agency within the Department of Homeland Security. ICE's responsibilities include operating the immigration detention system. In his capacity as ICE Senior Official Performing Duties of the Director, Respondent Venturella exercises control over and is a custodian of persons held at the ICE facilities nationally. He is sued in his official capacity.

17. Respondent Jaime Rios is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, he is the custodian of all persons held at the ICE facilities within the Los Angeles Field Office Area of Responsibility. He is Petitioner's immediate custodian and is responsible for Petitioner's detention. He is sued in his official capacity.

18. Respondent Fereti Semaia is the Warden of the Adelanto Detention facility California, a private for-profit detention facility owned and operated by the Geo Group, that contracts with ICE to detain individuals. Respondent Semaia is the immediate physical custodian of Petitioner. Respondent Semaia is sued in his official capacity.

19. Respondent Executive Office for Immigration Review is the federal agency

within the Department of Justice responsible for implementing the INA in removal proceedings, including for custody redeterminations or bond hearings.

20. Respondent Department of Homeland Security is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

21. Respondent Immigration and Customs Enforcement is the agency within DHS responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

## STATEMENT OF FACTS

22. Petitioner Norma Suyapa Garcia Rodriguez is in the custody of ICE and is detained at the Adelanto Detention Facility in Adelanto, California.

23. Petitioner was re-arrested by immigration officials on February 26, 2026, while complying with an ICE check-in appointment at the ICE Field Office in San Bernardino, California. Prior to her re-arrest, Petitioner had been at liberty pursuant to an Order of Release on Recognizance for almost three years.

24. Petitioner is a citizen of Honduras who is seeking asylum protection in the United States. She arrived in the United States on or about May 19, 2023, near Eagle Pass, Texas and was detained by U.S. Border Patrol officers.

25. Immigration officials issued a Notice to Appear, placed Petitioner

under removal proceedings pursuant to 8 U.S.C. §1229(a) and charged her with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission).

26. Petitioner was detained for one day and then granted release on her own recognizance on May 20, 2023. At the time of her release, Petitioner was instructed to report to ICE and the Intensive Supervision Appearance Program ("ISAP").

27. Petitioner reported regularly to the San Bernardino ICE Field Office, including weekly photo check-ins with ISAP. Petitioner, upon information and belief, complied with all her reporting requirements.

28. On February 25, 2026, Petitioner attended her immigration court hearing and the immigration judge pretermitted Petitioner's application for asylum due to the Asylum Cooperative Agreement ("ACA") and ordered her removed.

29. The next day on February 26, 2026, Petitioner complied with a sudden ICE check-in request and presented herself to the San Bernardino Field Office and was re-detained by ICE.

30. Prior to her re-arrest, Petitioner provided full-time childcare to her minor grandchildren, Isaac Bladimir Ferrera Garcia and Osnin Alexis Padilla Ferrera, who both have pending TVPRA asylum applications with USCIS. Isaac Bladimir was diagnosed with an intellectual disability, and Petitioner was appointed as the guardian for Isaac by the Riverside Probate Court. Petitioner is responsible

for Isaac receiving specialized care at Inland Regional Services in San Bernardino, CA. Isaac has an approved I-360, Petition for Special Immigrant Juvenile Status.

31. In addition to caring for Isaac, Petitioner's family relies on her to provide all her grandchildren with care and love while the children's parents work.

32. Petitioner is seeking asylum from Honduras due to the violence and abuse she suffered at the hands of her abusive husband. She timely filed her appeal to the Board of Immigration Appeals ("BIA") on March 24, 2026, after her pending asylum application was pretermitted based on DHS request for removal to third country under asylum cooperative agreements. Her appeal remains pending with the BIA.

## FIRST CLAIM FOR RELIEF

### Respondents' Re-Arrest and Re-Detention of Petitioner Violates Her Fifth Amendment Right to Due Process

33. Petitioner repeats and incorporates by reference all allegations above as though set forth fully here.

34. "The Fifth Amendment's Due Process Clause forbids the Government to 'deprive' any 'person . . . of . . . liberty . . . without due process of law.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

35. Freedom from imprisonment—from government custody, detention, or other forms of physical constraint—lies at the heart of the liberty that the Clause protects." *Id*. The guarantee applies in full force to "all 'persons' in

the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.*, at 693.

36. Under due process required by the Fifth Amendment, Petitioner developed significant liberty interests after being released from immigration custody years ago and was owed a pre-detention hearing. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("the Constitution requires some kind of hearing before the State deprives a person of liberty or property") (emphasis in original); *see also Morrissey v. Brewer*, 408 U.S. 471 (1972) (comparing release from immigration custody to liberty interest in parole).

37. There was no change in material circumstances to authorize re-arrest and re-detention. Petitioner complied with her reporting requirements, attended immigration court hearings where applicable, and does not have criminal arrests or convictions that would warrant re-detention. *See e.g., Marina V.N. v. Robbins*, No. 25-cv-01845-KES-SKO, 2025 WL 3701960, at *4 (E.D. Cal. Dec. 21, 2025) ("Petitioner had been released on her own recognizance for nearly three years prior to her recent detention, and during that time, she worked, became engaged, and attended school. Her re-detention denies her that freedom."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025).

38. Respondents' act of re-detaining Petitioner without notice and without a pre-detention hearing after being free from custody for years violates her right to due process.

///

///

## SECOND CLAIM FOR RELIEF

**Respondents' Re-Arrest of Petitioner Violates Her Fourth Amendment Right Against Unreasonable Seizure**

39. Petitioner repeats and incorporates by reference all allegations above as though set forth fully here.

40. Subjecting an individual to an unreasonable arrest without probable cause is a violation of the Fourth Amendment. *See, e.g., Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018).

41. Petitioner was complying with the terms under which she was released from detention at the time of her re-arrest. On the day of her re-arrest and re-detention, Petitioner was called in to report to ICE and complied. Petitioner does not present a flight risk or a danger to the public, and her arrest by Respondents was unreasonable and constitute a violation of the Fourth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully asks this Court to take jurisdiction over this actual controversy and:

a. Order that Petitioner shall not be transferred outside of the Central District of California while this petition is pending;

b. Issue an Order to Show Cause ordering Respondents to show cause within

three days why this Petition should not be granted;

c. Issue a Writ of Habeas Corpus and order the release of Petitioner because her re-arrest and re-detention violate the Fifth and Fourth Amendments;

d. In the alternative, issue injunctive relief ordering Respondents to release Petitioner on the ground that her re-arrest and continued detention violate the Fifth and Fourth Amendments;

e. Order that Petitioner not be re-detained by Respondents without a pre-detention hearing before a neutral judge where DHS bears the burden to establish by clear and convincing evidence that there has been a material change in circumstances and that Petitioner poses a flight risk or danger to the public;

f. Award Petitioner costs and reasonable attorneys' fees in this action under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and,

g. Grant any other and further relief that this Court deems just and appropriate.

Dated: September 25, 2026

Respectfully submitted.

/s/ Jean Reisz
JEAN REISZ
NIELS W FRENZEN
AVERY VAN DEN BERG

USC GOULD SCHOOL OF LAW
IMMIGRATION CLINIC

*Attorneys for Petitioner*

## VERIFICATION

I, Jean Reisz, declare as follows:

I am an attorney admitted to practice law in the State of California.

Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioner, I am making this verification on her behalf.

I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 25, 2026.

s/Jean Reisz
JEAN REISZ
USC GOULD SCHOOL OF LAW
IMMIGRATION CLINIC

Attorney for Petitioner